UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BROADCAST MUSIC, INC.; COTILLION MUSIC, INC. HOUSE OF CASH, INC.; UNICHAPPELL MUSIC INC; SONY/ATV SONGS LLC d/b/a SONY/ATV ACUFF ROSE MUSIC; SONY/ATV SONGS LLC d/b/a SONY/ATV TREE PUBLISHING; WARNER-TAMERLANE PUBLISHING CORP.; RESERVOIR MEDIA MANAGEMENT, INC. d/b/a RESERVOIR 416 a/k/a RESERVOIR ONE AMERICA; FALL OUT BOY, INC. d/b/a CHICAGO X SOFTCORE SONGS; SONY/ATV SONGS LLC; ZOMBIES ATE MY PUBLISHING; AMAZEMENT MUSIC; FORTHEFALLEN PUBLISHING; E.O. SMITH MUSIC; TERRY STAFFORD MUSIC CO.; SHOWBILLY MUSIC; BUFFALO PRAIRIE SONGS, <br><br> Plaintiffs, <br><br> v. <br><br> CORNER BAR, LLC d/b/a THE CORNER BAR AND ROOFTOP GRILL, CHURCH STREET SMOKEHOUSE LLC d/b/a CARNEY'S PUB & GRILL, BARRY IVINS, AND JAMES NOWAK, <br><br> Defendants. | CIVIL ACTION NO. _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

## JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 *et seq.* (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

## THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of Delaware. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in 22.4 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff Cotillion Music, Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

6. Plaintiff Unichappell Music Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

7. Plaintiff House of Cash, Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

8. Plaintiff Reservoir Media Management, Inc. is a corporation doing business as Reservoir 416 also known as Reservoir One America. This Plaintiff is a copyright owner of at least one of the songs in this matter.

9. Plaintiff Fall Out Boy, Inc. is a corporation doing business as Chicago X Softcore Songs. This Plaintiff is a copyright owner of at least one of the songs in this matter.

10. Plaintiff Warner-Tamerlane Publishing Corp. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

11. Plaintiff Sony/ATV Songs LLC is a limited liability company. This Plaintiff is a copyright owner of at least one of the songs in this matter.

12. Plaintiff Sony/ATV Songs LLC is a limited liability company doing business as Sony/ATV Acuff Rose Music. This Plaintiff is a copyright owner of at least one of the songs in this matter.

13. Plaintiff Sony/ATV Songs LLC is a limited liability company doing business as Sony/ATV Tree Publishing. This Plaintiff is a copyright owner of at least one of the songs in this matter.

14. Plaintiff Zombies Ate My Publishing is a partnership. This Plaintiff is a copyright owner of at least one of the songs in this matter.

15. Plaintiff Buffalo Prairie Songs is a partnership. This Plaintiff is a copyright owner of at least one of the songs in this matter.

16. Plaintiff Terry Stafford Music Co. is a sole proprietorship. This Plaintiff is a copyright owner of at least one of the songs in this matter.

17. Plaintiff Amazement Music is a sole proprietorship. This Plaintiff is a copyright owner of at least one of the songs in this matter.

18. Plaintiff Showbilly Music is a sole proprietorship. This Plaintiff is a copyright owner of at least one of the songs in this matter.

19. Plaintiff Forthefallen Publishing is a sole proprietorship. This Plaintiff is a copyright owner of at least one of the songs in this matter.

20. Plaintiff E.O. Smith Music is a sole proprietorship. This Plaintiff is a copyright owner of at least one of the songs in this matter.

21. Defendant Corner Bar LLC is a limited liability company organized and existing under the laws of the state of Texas, which operates, maintains and controls an establishment known as The Corner Bar and Rooftop Grill, located at 401 University Dr, College Station, TX 77840, in this district (the " First Establishment").

22. In connection with the operation of the First Establishment, Defendant Corner Bar LLC publicly performs musical compositions and/or causes musical compositions to be publicly performed.

23. Defendant Corner Bar LLC has a direct financial interest in the First Establishment.

24. Defendants Barry Ivins and James Nowak are officers of Defendant Corner Bar LLC with responsibility for the operation and management of that limited liability company and the First Establishment.

25. Defendants Barry Ivins and James Nowak have the right and ability to supervise the activities of Defendant Corner Bar LLC and a direct financial interest in that LLC and the First Establishment.

26. Defendant Church Street Smokehouse LLC is a limited liability company organized and existing under the laws of the state of Texas, which operates, maintains and controls an establishment known as Carney's Pub & Grill, located at 3401 College Ave, Bryan, TX 77801, in this district (the "Second Establishment").

27. In connection with the operation of the Second Establishment, Defendant Church Street Smokehouse LLC publicly performs musical compositions and/or causes musical compositions to be publicly performed.

28. Defendant Church Street Smokehouse LLC has a direct financial interest in the Second Establishment.

29. Defendant Barry Ivins is a Director of Defendant Church Street Smokehouse LLC with responsibility for the operation and management of that limited liability company and the Second Establishment.

30. Defendant Barry Ivins has the right and ability to supervise the activities of Defendant Church Street Smokehouse LLC and a direct financial interest in that LLC and the Second Establishment.

## **CLAIMS OF COPYRIGHT INFRINGEMENT**

31. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 17.

32. Since August 2022, BMI has reached out to Defendants over one hundred twenty (120) times, by phone, mail, and email, in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI Repertoire. Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the First Establishment and in the Second Establishment.

33. Plaintiffs allege eleven (11) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules

and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

34. Annexed to this Complaint as a schedule (the "Schedule") (Exhibit A) and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the eleven (11) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the establishment where the infringement occurred.

35. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

36. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

37. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the

Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

38. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the First Establishment or the Second Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

39. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the First Establishment and the Second Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

**PRAYER FOR RELIEF**

(I) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV) Plaintiffs have such other and further relief as is just and equitable.

Dated: October 9, 2024

Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

By: /s/ *Robert Greeson*
       Robert Greeson, Attorney-in-charge
Southern District Bar ID:  2191901
Texas Bar No. 24045979
Email: robert.greeson@nortonrosefulbright.com
Phone: (214) 855-7430
Fax: (214) 855-8200
Ryan Short
Southern District Bar ID:  3869398
Texas Bar No. 24138416
Email: ryan.short@nortonrosefulbright.com
Phone: (214) 855-8283
Fax: (214) 855-8200
2200 Ross Avenue
Suite 3600
Dallas, TX 75201-7932

*Attorneys for Plaintiffs*